**UNITED STATES of America,**
**Plaintiff,**

v.

**PHILIP MORRIS INCORPORATED,**
**et al., Defendants.**

**No. CIV. A. 99–2496(GK).**

United States District Court,
District of Columbia.

July 27, 2001.

J. Patrick Glynn, Sharon Y. Eubanks, U.S. Department of Justice, Civil Division/Torts Branch, Washington, DC, for Plaintiff.

Peter Thomas Grossi, Jr., Jonathan Louis Stern, Arnold & Porter, Washington, DC, Cynthia S. Cecil, Hunton & Williams, Richard, VA, Timothy M. Broas, Winston & Strawn, Washington, DC, Dan K. Webb, Bradley E. Lerman, Ricardo E. Ugarte, Kevin J. Narko, Luke A. Palese, Winston & Strawn, Chicago, IL, Herbert M. Wachtell, Ben M. Germana, Steven M. Barna, Jeffrey M. Wintner, Wachtell, Lipton, Rosen & Katz, New York City, C. Ian Anderson, Davis, Polk & Wardwell, New York City, Robert M. Rader, Debevoise & Plimpton, New York City, Robert Francis McDermott, Jr., Jonathan M. Redgrave, Jones, Day, Reavis & Pogue, Washington, DC, Robert C. Weber, Paul Crist, Jones, Day, Reavis & Pogue, Cleveland, OH, Nicholas N. Nierengarten, Gray, Plant, Mooty, Mooty & Bennett, PA, Minneapolis, MN, Ivan C. Smith, Jones Day Reavis & Pogue, Columbus, OH, William Charles Hendricks, III, Andrew McCormack, King & Spalding, Washington, DC, David M. Bernick, Kirkland & Ellis, Chicago, IL, Kenneth N. Bass, Jason Beckerman, David Mendelson, David Sullivan, Kirkland & Ellis, Washington, DC, Stephen R. Patton, Kirkland & Ellis, Chicago, IL, Douglas G. Smith, Michelle H. Browdy, Deirdre A. Fox, Kirkland & Ellis, Chicago, IL, Richard Paul Cassetta, James M. Cox, Thompson & Coburn, LLP, St. Louis, MO, J. William Newbold, Michael B. Minton, Thompson Coburn LLP, St. Louis, MO, Kenneth Anthony Gallo, Fred W. Reinke, Clifford, Chance, Rogers & Wells, LLP, Washington, DC, Aaron H. Marks, Marc E. Kasowitx, Daniel R. Benson, Nancy E. Straub, Leonard A. Feiwus, Kasowitz, Benson, Torres, Friedman, L.L.P., New York City, Michael Asher Schlanger, Sonnenschein, Nath & Rosenthal, Washington, DC, Mary Elizabeth McGarry, Simpson, Thacher & Bartlett, New York City, Michael V. Corrigan, Simpson Thacher & Bartlett, New York City, Demetra Frawley, Simpson Thacher & Bartlett, New York City, William Salvatore D'Amico, Chadbourne & Parke, Washington, DC, Timothy M. Hughes, Garyowen P. Morrisroe, Chadbourne & Parke, New York City, Debevoise & Plimpton, Washington, DC, Judah Best, Bruce G. Merritt, Debevoise & Plimpton, New York City, Keith Allen Teel, James Alexander Goold, Covington & Burling, Washington, DC, Richard A. Levie, ADR Associates, Washington, DC, Frank Janecek, Milberg, Weiss, Bershad, Hynes & Lerach, San Diego, CA, for Defendants.

## MEMORANDUM OPINION–ORDER # 71

KESSLER, District Judge.

### I. Introduction

The United States of America ("Plaintiff" or "the Government") brought suit against nine tobacco companies and two related entities (collectively "Defendants")[1] to recover health care expenditures the Government has paid for or will pay for to treat tobacco-related injuries allegedly caused by Defendants' tortious conduct, and to disgorge the proceeds of that unlawful conduct.

---

**1.** The initial eleven Defendants were: Philip Morris, Inc., R.J. Reynolds Tobacco Co., Brown & Williamson Tobacco Co., Lorillard Tobacco Company, The Liggett Group, Inc., American Tobacco Co., Philip Morris Cos., B.A.T. Industries p.l.c. ("BAT Ind."), British American Tobacco (Investments) Ltd., The Council for Tobacco Research—U.S.A., Inc., and The Tobacco Institute, Inc. BAT Ind. has since been dismissed from this action.

On September 28, 2000, the Court dismissed Count One (the Medical Care Recovery Act or "MCRA" Count) and Count Two (the Medicare Secondary Payer provisions or "MSP" Count) of the Government's original four-count complaint, *United States v. Philip Morris*, 116 F.Supp.2d 131 (D.D.C.2000) ("*Philip Morris*" or the "Memorandum Opinion"), and dismissed Defendant B.A.T. Industries p.l.c. ("BAT Ind.") for lack of personal jurisdiction, *United States v. Philip Morris*, 116 F.Supp.2d 116 (D.D.C.2000).[2]

The Government subsequently filed the present "Motion to Limit Court's Order Dismissing Count One of the Complaint to Claims for Payments Under Medicare and FEHBA," in which it requested the Court to "reinstate Count 1 except to the extent that it seeks recovery under [MCRA] for health payments under Medicare and the Federal Employees Health Benefits Act ("FEHBA")."[3] Motion to Amend at 1.[4] Defendants oppose this Motion, contending that the MCRA Count was properly dismissed in its entirety.[5] Upon consideration of the Motion, the Opposition, the Reply, and the entire record herein, the Government's Motion to Amend [# 171] is denied.

Neither this ruling nor the companion ruling on Defendants' Motion to Dismiss Count Two of the Amended Complaint changes the current posture of this case.

The parties are proceeding with extensive discovery and are preparing for trial.

## II. Analysis

### A. Posture of Present Motion

The Medical Care Recovery Act ("MCRA") provides in pertinent part:

In any case in which the United States is authorized or required by law to furnish or pay for hospital, medical, surgical, or dental care and treatment ... to a person who is injured or suffers a disease, ... under circumstances creating a tort liability upon some third person ... to pay damages therefore, the United States shall have a right to recover (independent of the rights of the injured or diseased person) from said third person, or that person's insurer, the reasonable value of the care and treatment so furnished, to be furnished, paid for, or to be paid for and shall, as to this right be subrogated to any right or claim that the injured or diseased person ... has against such third person ...

42 U.S.C. § 2651(a), Pub.L. No. 87–693, § 1, 76 Stat. 593 (1962), *as amended.* Stated in general terms, if the Government is "authorized or required by law to furnish or pay for hospital, medical, surgical, or dental care and treatment" (collectively "health care services") to a person injured

---

**2.** The Government later requested that the Order dismissing BAT Ind. from the action be reconsidered, which request the Court denied. *United States v. Philip Morris*, 130 F.Supp.2d 96 (D.D.C.2001).

**3.** After filing the present Motion to Amend, the Government filed an amended complaint, which added a revised Count Two (the MSP Count). Defendants moved to dismiss that Count pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. That motion to dismiss will be disposed of in a separate Memorandum Opinion, to be issued this same day.

The amended complaint did not in any way modify the MCRA Count (¶¶ 126–165). *See* Govt's Praecipe of February 28, 2001.

**4.** For reasons of both efficiency and clarity, the pending Motion will be referred to simply as the "Motion to Amend," since it requests that the Court amend (or modify) a previously issued Order.

**5.** The Opposition was filed on behalf of all current Defendants except for Liggett Group, Inc., which timely joined the Opposition.

by a wrongdoer, it may recover from the wrongdoer the "reasonable value" of the health care services it provided or will provide. *See Philip Morris,* 116 F.Supp.2d at 139.

In Count One of its complaint, at Paragraph 128, the Government alleged that, "pursuant to various statutory entitlement programs," it furnishes and pays for health care services of "numerous current and former consumers of the [Defendants'] products" (*i.e.,* cigarette smokers). Compl. ¶ 128. Specifically, it alleged that the "statutes pursuant to which [it] furnishes and pays for such health care costs include, but are not limited to," the following four major areas:

(1) Medicare, 42 U.S.C. § 1395 *et seq.,* under which the Health Care Financing Administration ("HCFA") pays for the health care services of individuals over 65, individuals with disabilities, and others;

(2) Veterans benefits, 38 U.S.C. § 1701 *et seq.,* under which the Veterans Health Administration ("VHA") and the Civilian Health and Medical Programs for Veterans Affairs ("CHAMPVA") pays for certain health care services for veterans and their dependents and survivors;

(3) Military benefits, 10 U.S.C. § 1071 *et seq.,* under which the Department of Defense ("DOD") pays for the health care services of current (and certain former) members of the uniformed services, through the Civilian Health and Medical Program for the Uniformed Services ("CHAMPUS") and TRICARE programs; and

(4) Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. § 8901 *et seq.,* under which the Government, through the Office of Personnel Management ("OPM"), pays for health care services provided to Federal Government employees and other individuals.

Defendants moved to dismiss the MCRA Count in its entirety, contending that the Government failed to state a claim upon which relief could be granted. In the motion to dismiss papers, and in oral argument, the parties focused most of their attention and arguments on whether the Government could recover under MCRA for health care services provided through FEHBA and Medicare, and especially whether Congress intended such a result. Consequently, the Court also focused its attention on this issue. In dismissing the MCRA Count, the summary of the Court's Memorandum Opinion stated that:

> The congressional intent in enacting MCRA in 1962—at which time Medicare did not exist and the Federal Employees Health Benefits Act ("FEHBA") was still in its infancy—was to provide a means for the Government to recover from third-party tortfeasors medical expenses it had furnished for (primarily military) employees. Applying the principles from a recent U.S. Supreme Court decision, *FDA v. Brown & Williamson Tobacco Corp.,* 529 U.S. 120, 120 S.Ct. 1291, 146 L.Ed.2d 121 (2000), *this Court concludes that Congress did not intend that MCRA be used as a mechanism to recover Medicare or FEHBA costs.* The Court reaches this conclusion after examining the broad context in which MCRA has existed for 38 years—including its legislative history, the construction given it by those agencies charged with its interpretation, a body of longstanding state and federal case law, and its total non-enforcement by the Department of Justice for thirty-seven of those thirty-eight years.

*Philip Morris,* 116 F.Supp.2d at 135 (emphasis added) (footnotes omitted).

In its Motion to Amend, the Government does *not* challenge the Court's central conclusion that Medicare and FEHBA expen-

ditures may not be recovered under MCRA. Motion to Amend at 3. Rather, the Government makes two arguments (or rather, two strands of the same argument) in favor of modification. First, it argues that since the Memorandum Opinion "acknowledged that ... the Department of Defense and the Department of Veterans Affairs [and other agencies] 'have, and have always had, an undisputed and established right to recovery under MCRA,'" the Government should be able to recover under MCRA for services provided by those agencies. Motion to Amend at 1–2 (quoting *Philip Morris*, 116 F.Supp.2d at 142).[6] Second, as a logical follow-up to its first argument, the Government argues that the specific language of the Court's Order, dismissing Count One in its entirety, is inconsistent with the "rationale" of the Memorandum Opinion it accompanies. Motion to Amend at 1.

In sum, the Government contends that the Memorandum Opinion, in its current form, leaves standing the Government's MCRA claim insofar as it seeks recovery for services provided under veterans benefits and military benefits statutory schemes (and any other non-FEHBA and non-Medicare programs not expressly identified in the complaint). The Government now requests that the Order accompanying the Memorandum Opinion be modified to clearly reflect this fact.

The Government is correct that the Memorandum Opinion did not address whether the Government could recover non-FEHBA and non-Medicare costs under MCRA, and that Count One of the complaint therefore cannot be dismissed in its entirety (unless supplemented by further analysis by the Court). To this extent, the Government's request for reconsideration must be granted, since the Court should have, but did not, address whether various non-FEHBA and non-Medicare health care services could be recovered under Count One of the complaint.

However, the Government is simply incorrect insofar as its Motion to Amend suggests that Count One must now be reinstated. While it is true that written and oral argument concerning the MCRA Count focused on whether FEHBA and Medicare costs could be recovered thereunder, Defendants *did* present arguments as to why the *entire* MCRA Count should be dismissed. They contended that MCRA requires the Government to identify in its complaint the actual individuals on whose behalf it seeks tort recovery, that it must plead all the essential MCRA elements for those individuals, that it must obtain judgment in favor of those individuals first, and that it could not maintain its suit on an aggregated basis. *See* Defs.' Mem. in Supp. of its Mot. to Dismiss the [Original] Compl. ("Defs.' Mot. to Dismiss") at 41–63.

---

**6.** Insofar as the Government more broadly contends that the Court has "acknowledged" that it may go forward with its claim for medical services paid for by DOD and VA, it mischaracterizes the relevant passage of the Memorandum Opinion. That passage states: "As an initial matter, it cannot be overlooked that HCFA has issued no MCRA-specific regulations providing for recovery of Medicare or FEHBA costs. In contrast, agencies that do have, and have always had, an undisputed right to recovery under MCRA, such as those governing the armed services, do have such regulations in place." *Philip Morris,* 116 F.Supp.2d at 142 (internal citations omitted). As the passage indicates, and as Defendants themselves concede, certain agencies do have MCRA-specific regulations in place. However, this simple observation in no way purports to answer the question at issue here, namely, whether the Government can recover costs expended by those agencies without pleading the names and specific injuries of the injured parties and the precise theory of Defendants' liability for each of those injuries. *See* Defs.' Opp'n to Mot. to Amend ("Defs.' Opp'n") at 2.

Because these arguments were not considered previously, and because they are potentially dispositive of the MCRA Count, that count cannot be summarily reinstated. Rather, Defendants' arguments, made in its initial motion to dismiss papers and renewed thereafter, *see* Defs.' Opp'n at 2, must now be considered by the Court.

## B. Whether the MCRA Count Should Be Reinstated in Part

██ Defendants contended in their initial motion to dismiss that the complaint's allegations were insufficient to state a MCRA claim. According to Defendants, the Government's 'right to recover' [under MCRA] is 'subrogated to any right or claim that the injured ... person' has against a tortfeasor. Defs.' Mot. to Dismiss at 42 (quoting 42 U.S.C. § 2651(a)); Defs.' Opp'n at 2. Accordingly, as subrogee, the Government must plead under state law "*all* the essential elements of any claim that would lie in favor of the injured person."[7] Defs.' Mot. to Dismiss at 43 (emphasis in original); Defs.' Opp'n at 2–3.

A portion of the MCRA statute provides that "the United States shall have a right to recover (*independent of the rights of the injured or diseased person*) ..." 42 U.S.C. § 2651(a) (emphasis added). Based on this phrase, the Government contends that it should be viewed as an independently injured party for the purpose of this and other MCRA suits. *See* Govt's Opp'n to Defs.' Mot. to Dismiss ("Govt's Opp'n") at 66 ("The United States brings this action asserting its own injuries ..."). Accordingly, it disagrees with Defendants' contention that it must plead the "specific identities of, specific injuries of, and specif-

ic torts committed against the underlying injured persons." *See* Defs.' Opp'n at 2.

In *Commercial Union Ins. Co. v. United States*, 999 F.2d 581 (D.C.Cir.1993), our Court of Appeals specifically addressed, at some length, the meaning and operation of the relevant MCRA language. *Commercial Union* was an interpleader action in which the Government and injured parties fought over who had priority, under § 2651(a) of MCRA, over settlement insurance funds. While it is not directly on point, as no decision in this Circuit is, its explication of the statute's rationale and operation is illuminating.

In analyzing the relevant statutory language, the *Commercial Union* Court noted that MCRA "gives the United States an independent right of recovery against the tortfeasor," thus seeming to lend credence to the Government's theory. 999 F.2d at 587 (internal citation and quotations omitted). However, in elaborating upon what it meant by "independent," the Court explained that: (1) "the United States may bring an independent action against the tortfeasor even where a suit is brought by the injured party within six months and the United States does not intervene," and (2) "a settlement or judgment in the individual claimant's case does not prejudice the Government from later suing the tortfeasor." *Commercial Union*, 999 F.2d at 587 (internal citations and quotations omitted). In other words, "[r]egardless of the course of action taken by the injured party, the Government's *right to sue* is limited only by the federal statute of limitations." *Id.* (emphasis added) (internal citation omitted). Thus it is apparent that the

---

7. What Defendants literally argue is that the Government must "plead and prove" all the necessary elements of its MCRA claim. Defs.' Mot. to Dismiss at 42. Presumably, Defendants are stating that the Government would

*ultimately* need to prove these elements at trial to prevail on its MCRA claim. To the extent that they are suggesting that "proof" must be offered during this, the motion to dismiss stage, they are simply mistaken.

Court of Appeals applied the potentially broad word "independent" in a relatively narrow context, namely, the circumstances under which the Government can bring its own MCRA action when the injured parties have failed to do so.[8]

Significantly, *Commercial Union* also discussed the statutory term "subrogated." Under MCRA, the Government's "right to recover" is "subrogated to any right or claim that the injured ... person" has against the tortfeasor. 42 U.S.C. § 2651(a). " 'Subrogation' is defined as '[t]he substitution of one person in the place of another with reference to a lawful claim so that he who is substituted succeeds to the rights of the other in relation to the ... claim.' " *Commercial Union,* 999 F.2d at 586–87 (quoting Black's Law Dictionary 1279 (5th ed.1979)). *Commercial Union* held that "[a]s subrogee, the Government "does not secure rights superior to those" of the injured parties on whose behalf it brings suit; rather, "it merely steps into [their] shoes in order to assert a claim to that part of the total damages that is its due."[9] 999 F.2d at 587.

 Considering the terms "independent" and "subrogated" together, as those terms have been interpreted by our Court of Appeals, it is clear that the "government's independent right of recovery ...

is not independent in the sense that it is based upon a separate pecuniary loss distinct from [the injured party's] right to recover under a state law cause of action in tort." *United States v. Trammel,* 899 F.2d 1483, 1487 (6th Cir.1990). To the contrary: although the Government is not encumbered by states' statutes of limitations in bringing a MCRA action, and thus has an "independent" "right to recover" under that statute, its ability to succeed on the merits is wholly dependent on its meeting the substantive requirements of state law, *i.e.,* showing the existence of persons injured by a tortfeasor as mandated by state tort law. *See Commercial Union,* 999 F.2d at 587; *Trammel,* 899 F.2d at 1487–88; *In re Dow Corning Corp.,* 250 B.R. 298, 326 (Bankr.E.D.Mich. 2000) ("If the Government's claim is not based upon the tort committed against the federal beneficiary, then there is no legal theory that would enable the Government to seek reimbursement from the party sued.").[10] Otherwise, the Government would have no "shoes" to "step[ ] into," and therefore no MCRA action to maintain. *See Commercial Union,* 999 F.2d at 587; *In re Dow Corning,* 250 B.R. at 326–27.

As the existence of legally injured persons is a prerequisite for and an essential element of the Government's MCRA claim, it must be pleaded in the complaint. *See*

---

**8.** As noted above, *Commercial Union* held that the Government could bring a MCRA action even if the underlying injured parties have settled their tort suits or failed to initiate suit within the appropriate statute of limitation. 999 F.2d at 587.

**9.** Interestingly, despite *Commercial Union*'s clear holding to the contrary, the Government insists that it "is not merely subrogated to the claims of the injured persons" in this action. Govt's Reply in Supp. of its Motion to Amend ("Govt's Reply") at 2.

**10.** The Government argues that *In re Dow Corning* is "not a final decision" because it has been appealed by the Government. Govt's Reply at 3. However, the Government fails to offer, and this Court is unable to locate, a District Court or Court of Appeals decision reversing or modifying *In re Dow Corning.* Consequently, that decision remains good law.

 

*Philip Morris,* 116 F.Supp.2d at 145 (citing *Taylor v. FDIC,* 132 F.3d 753, 761 (D.C.Cir.1997)).[11] Given that the Government has not identified in its complaint the injured persons on whose behalf it seeks to recover under MCRA, the Court concludes that the MCRA Count was properly dismissed in its entirety; accordingly, the Motion to Amend must be denied. *See supra* note 7.[12]

## III. Conclusion

For the reasons stated, the Government's Motion to Limit Court's Order Dismissing Count One of the Complaint to Claims for Payments Under Medicare and FEHBA is **denied.**

An appropriate Order will accompany this Opinion.

### ORDER # 71

This matter is before the Court on the Government's Motion to Limit Court's Order Dismissing Count One of the Complaint to Claims for Payments Under Medicare and FEHBA ("Motion to Amend") [# 171]. Upon consideration of the Motion, the Opposition, the Reply, and the entire record herein, for the reasons discussed in the accompanying Memorandum Opinion, it is this—day of July 2001

**ORDERED,** that the Government' Motion to Amend [# 171] is **denied.**

11. It is also important to recognize that MCRA grants the Government a right to recover the reasonable value of health care services provided "to a *person.*" 42 U.S.C. § 2651(a). The sole court to have analyzed this term, a federal bankruptcy court, has concluded that "[b]oth logic and the plain language of the statute dictate that the Government must identify this 'person'" to recover under MCRA. *In re Dow Corning,* 250 B.R. at 326. The Government correctly notes that *In re Dow Corning* "was decided in the context of a motion for summary judgment" and therefore "did not address the adequacy of the pleadings in that case." Govt's Reply at 3–4. However, as that case was brought in bankruptcy court, there was no "complaint" that could have been dismissed. The Government fails to explain why that court's reasoning should not apply at the motion to dismiss stage.

12. The Court does not presently have occasion to address Defendants' additional arguments: that the Government must establish tort liability with respect to the injured parties before bringing a MCRA action, that the Government may not bring a MCRA action in aggregation, and so forth.